**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
COMPANION PROPERTY AND CASUALTY  )    3:12-cv-00595-HDM-VPC
GROUP,                           )
                                 )
              Plaintiffs,        )    ORDER
                                 )
vs.                              )
                                 )
CONSOLIDATED AGENCY PARTNERS, dba)
MENICUCCI INSURANCE ASSOCIATES,  )
KAREN FAUST, HIGHPOINT RISK      )
SERVICES LLC, PINNACLE           )
UNDERWRITERS, INC., RISK         )
PLACEMENT SERVICES, INC. dba RISK)
PLACEMENT SERVICES, INSURANCE    )
BROKERS, JOAN VASCONES, SKY HIGH )
SPORTS, LLC, SKY HIGH SPORTS     )
ORANGE COUNTY OPERATIONS, LLC,   )
ROLLAND WEDDELL, et al.,         )
                                 )
              Defendants.        )
_____)
```

Defendants Risk Placement Services, Gloria Lam, and Joan Vascones (collectively "the RPS defendants") have filed a motion to dismiss plaintiff's claims asserted against them in this action. Plaintiff has responded (#17), and the RPS defendants have replied (#26). Defendants Karen Faust and Consolidated Agency Partners (collectively "the CAP defendants") have filed a motion to dismiss (#15) four of the claims plaintiff has asserted against them: (1) intentional misrepresentation; (2) aiding and abetting; (3) civil

1

conspiracy; and (4) concert of action.  Plaintiff has responded (#21), and the CAP defendants have replied (#29).  Although plaintiff opposes both motions, it seeks in the alternative leave to amend its complaint to cure any deficiencies.

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint."  *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)).  While this rule "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement."  *Id.* (internal punctuation omitted).  Thus, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If a plaintiff makes an allegation of fraud or mistake, he "must state with particularity the circumstances constituting fraud or mistake." A claim of fraud must include "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) is satisfied if the complaint provides allegations of fraud . . . specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id*. The pleading requirement is, however, relaxed "with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Thus, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

With respect to plaintiff's various claims based in whole or in part on fraudulent acts, the complaint does not contain sufficient factual data to state claims that are plausible on their face as to each of the individual RPS and CAP defendants. Specifically, it does not contain factual allegations as to how any of those individual defendants knew that the allegedly false statements contained in the applications were not truthful or that any of the individual defendants made a fraudulent representation

3

that she had an insufficient basis for making.[1]  Further, the complaint does not allow a reasonable inference to be drawn that the RPS defendants were involved in the preparation of the applications in any way such that any misrepresentations contained therein could be attributed to them.  Rather, the complaint contains only general and conclusory allegations that *all* defendants knew the representations were false.  Grouping the defendants together as to their knowledge that the statements were false does not satisfy the heightened pleading standard required by Rule 9, nor does it, in this case, satisfy the *Twombly* and *Iqbal* plausibility standard.

Accordingly, plaintiff shall have up to and including March 27, 2013, in which to file an amended complaint to set forth "the who, what, when, where, and how of the misconduct charged" in its claims based on fraud.  *See Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).  Should the plaintiff fail to file an amended complaint by March 27, 2013, the defendants' pending motions to dismiss shall stand submitted.

IT IS SO ORDERED.

DATED: This 13th day of March, 2013.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

---

[1] The elements of a fraud claim are: (1) a false representation made by the defendant; (2) the defendant's knowledge or belief that the representation was false (or an insufficient basis for making the representation); (3) the defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) the plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).

4