**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| COMPANION PROPERTY AND CASUALTY GROUP, | ) ) ) | 3:12-cv-00595-HDM-VPC |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| CONSOLIDATED AGENCY PARTNERS, dba MENICUCCI INSURANCE ASSOCIATES, KAREN FAUST, HIGHPOINT RISK SERVICES LLC, PINNACLE UNDERWRITERS, INC., RISK PLACEMENT SERVICES, INC. dba RISK PLACEMENT SERVICES, INSURANCE BROKERS, JOAN VASCONES, SKY HIGH SPORTS, LLC, SKY HIGH SPORTS ORANGE COUNTY OPERATIONS, LLC, ROLLAND WEDDELL, et al., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is the motion of defendants Karen Faust and Consolidated Agency Partners (collectively "CAP") seeking reconsideration of the magistrate judge's order extending discovery (#103). Plaintiff has opposed the motion (#113), and CAP has replied (#119). Plaintiff has also filed a motion to supplement its opposition (#121).

On June 16, 2013, the plaintiff moved for an extension of certain discovery deadlines in this case, including the expert disclosure deadline. CAP opposed the motion. At a hearing on July 15, 2013, the magistrate judge granted plaintiff's motion. The expert disclosure deadline was extended from June 18, 2013, to August 19, 2013.

1   While CAP's motion objects to the magistrate judge's order in its entirety, the only basis of alleged error is the extension of the expert disclosure deadline.  Therefore, to the extent CAP objects to the extension of any other deadline, the motion is **DENIED**.  As to the expert disclosure deadline, CAP argues that because plaintiff's motion was not filed 21 days before the expert witness deadline as required by Local Rule 26-4, the magistrate judge was required to find "excusable neglect" before granting the motion.  CAP argues that excusable neglect did not exist, and that it was prejudiced by the extension of the deadline.

   Pursuant to 28 U.S.C. § 636(b)(1), the magistrate judge may hear and determine many pretrial matters, including discovery motions.  The district judge may reconsider magistrate judge rulings that are "clearly erroneous or contrary to law."  *Id.*  The court has reviewed plaintiff's motion, CAP's response and plaintiff's reply, and concludes that the magistrate judge's ruling was not clearly erroneous or contrary to law.  The record demonstrated excusable neglect for the untimely request, and the magistrate judge did not err in granting the motion.

   Accordingly, the motion to reconsider the magistrate judge's ruling (#103) is **DENIED**.  The plaintiff's motion to supplement its opposition (#121) is also **DENIED as moot.**

   IT IS SO ORDERED.

   DATED: This 27th day of August, 2013.

   _____
   UNITED STATES DISTRICT JUDGE