**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY GROUP, | 3:12-cv-00595-HDM-VPC |
| Plaintiff, | ORDER |
| vs. | |
| SKY HIGH SPORTS, LLC, and SKY HIGH SPORTS ORANGE COUNTY OPERATIONS, LLC, | |
| Defendants. | |

Before the court is plaintiff Companion Property and Casualty Group's ("Companion") motion for attorney's fees, prejudgment interest on costs, and postjudgment interest (#327). Defendants Sky High Sports, LLC, and Sky High Sports Orange County Operations, LLC ("Sky High") have opposed (#354), and Companion has replied (#358).

Companion initiated this action against Sky High, Rolland Weddell ("Weddell"), Karen Faust ("Faust"), Consolidated Agency Partners ("CAP"), and several other defendants on November 9, 2012. The complaint asserted claims based on Sky High's submission of a workers' compensation application containing misrepresentations and Companion's issuance of a policy in reliance thereon. CAP, through Faust, prepared the application, which was signed by Weddell on Sky High's behalf.

1

On August 23, 2013, Companion served separate offers of judgment on the Sky High defendants, each in the amount of two million dollars. Sky High rejected the offers. Over the course of the next year, plaintiff dismissed or entered into settlements with all but the Sky High defendants.[1]

Trial commenced on September 14, 2015. The jury found in favor of Companion and against Sky High on Companion's claim and Sky High's counterclaims. With respect to Companion's negligent misrepresentation claim, the jury found Companion forty percent comparatively negligent. The jury's award of $8,000,000.00 was therefore reduced to $4,800,000.00. After deducting offsets for the settlements Companion reached with other defendants prior to trial, the total judgment entered against Sky High amounted to $3,485,000.00.

## I. Attorney's Fees

Companion seeks an award of attorney's fees totaling $222,668.50 based on Sky High's rejection of its offers of judgments.[2]

Federal Rule of Civil Procedure 54(d)(2) sets forth the

---

[1] On or around June 28, 2013, plaintiff settled with Highpoint for $250,000.00. On September 12, 2013, the court approved the settlement as having been entered in good faith. On or around August 26, 2013, plaintiff settled with defendant Pinnacle Underwriters for $55,000.00. On October 22, 2013, the court approved the settlement as having been entered in good faith. On or around April 17, 2014, Companion settled with defendant Karen Faust and Consolidated Agency Partners ("CAP") for $1 million. On July 1, 2014, the court approved the settlement as having been entered in good faith. Plaintiff also settled with defendants Gloria Lam, Joan Vascones, and Risk Placement Services for $10,000.00. Plaintiff voluntarily dismissed Weddell in April 2015.

[2] Although Companion initially sought $235,720.50, it concedes that $13,052 should be deducted for fees related to Pinnacle Underwriters, High Point Risk Services, and Risk Placement Services. (*See* Opp 9-10; Reply 9).

2

procedure for obtaining an award of attorney's fees in federal court.  It does not, however, provide the substantive basis for such an award.  Fees are recoverable only if there is a rule, statute, or contract that authorizes such an award.  *See MRO Commc'ns, Inc. v. Am. Tel & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).  A motion under Rule 54(d)(2) must identify the basis for the requested award.  Here, Companion identifies Nevada Revised Statutes § 17.115.[3]

Section 17.115 provides that "any party may serve upon one or more other parties a written offer to allow judgment to be taken in accordance with the terms and conditions of the offer of judgment" at any time more than ten days before trial.  Nev. Rev. Stat. § 17.115(1).  If a party rejects an offer and fails to obtain a more favorable judgment, the court may order that party to pay the offeror's "[r]easonable attorney's fees . . . for the period from the date of service of the offer to the date of entry of the judgment."  *Id.* § 17.115(4)(d)(3).

Where, as here, the "court is exercising its subject matter jurisdiction over a state law claim," a party may recover attorney's fees under state law giving a right thereto if the law "reflects a substantial policy of the state" and "does not run counter to a valid federal statute or rule of court."  *See MRO Commc'ns*, 197 F.3d at 1281 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)).

The controlling case applicable to the facts of this case is

---

[3] Although § 17.115 was repealed effective October 1, 2015, it was the law at the time Companion made its offer of judgment.  It is therefore proper for the court to award attorney's fees pursuant to § 17.115.

3

*MRO Communications*. In that case, the Ninth Circuit held that under Federal Rule of Civil Procedure 54(d)(2), a prevailing party could recover attorney's fees incurred after a rejected offer of judgment made pursuant to Nevada state law. *Id.* Here, Companion made its offers of judgment pursuant to Nev. Rev. Stat. § 17.115. Companion made its offers of judgment more than ten days before trial. Sky High rejected the offers but failed to obtain a more favorable judgment.[4] Accordingly, under *MRO Communications* and § 17.115, Companion may recover reasonable attorney's fees, subject to the court's considerations of the factors set forth in *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

The court has the discretion to allow any or all of the offeror's attorney's fees incurred after service of the offer. *Id.* In fashioning an award, the court must consider four factors: (1) whether the defendant's claims and defenses were litigated in good faith; (2) whether the offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the defendant's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by plaintiff arereasonable and justified in amount. *Id.*; *RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 28 (Nev. 2005); *Yamaha Motor Co. v. Arnoult*, 955 P.2d 661 (Nev. 1998). An award of fees may be proper even where the defendant's claims and defenses were litigated in good faith and the defendant did not act unreasonably in rejecting the offer of judgment. *See RTTC*, 110

---

[4] Each Sky High defendant is jointly and severally liable for three million four hundred and eighty-five thousand dollars under the judgment, which is more than two million dollars.

4

P.3d at 29-30.

1. <u>Sky High's Claims and Defenses</u>

Sky High's defense of comparative negligence was litigated in good faith. Sky High had a viable argument that Companion was at fault due to its underwriting practices. Sky High's counterclaims were also litigated in good faith. Its claims were based on Companion's initial refusal to pay under the policy. While Companion may have had a good faith basis for initially refusing to pay, and although the jury did not find in Sky High's favor on its counterclaims, there was nevertheless a basis for the claims.

2. <u>Offer Timing and Amount</u>

This action was litigated for nearly three years. Companion made its offers less than a year after suit was filed, which was early enough to avoid substantial litigation expenses but late enough that the parties had some discovery with which to evaluate the claims, defenses, and total damages at issue. As such, the offers were reasonable in timing. The offers were also reasonable in amount, as two million dollars was less than a quarter of Companion's overall damages; the four million dollars that the Sky High defendants would collectively owe was less than half.

3. <u>Sky High's Decision to Reject</u>

Sky High argues that it rejected the offers reasonably and in good faith because at the time its case was much stronger than the case that went to trial. When Sky High rejected the offers, Weddell was still alive. Weddell passed away shortly before trial and his testimony was ultimately provided through his videotaped deposition. Sky High argues that, based on the results of mock trials, Weddell's testimony would have been more compelling had it

5

been given in person.  In addition, at the time of the offer, Faust and CAP – whom the jury could have found partially responsible for the misrepresentations – were still very much in the litigation and at trial would have been part of the comparative negligence analysis.  Finally, Sky High believed that it had a strong case based on Companion's underwriting failings.

The court concludes that Sky High was not unreasonable in rejecting the offers.  Although the offers were for much less than the damages Companion was facing, the sum of the offers – separately and collectively – were substantial.  In light of the amount of the offers and Sky High's belief that it had a strong case, the decision to go to trial was not unreasonable.

### 4. The Fees

The first step in determining an attorney's fee award is to calculate the "lodestar."  *Candle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).  The lodestar is reached by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *Id.*  In most cases, the lodestar is presumptively a reasonable fee award.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  However, if the circumstances warrant, the court may "adjust the lodestar to account for other factors that are not subsumed within it."  *Id.*  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

6

>  attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). The court need not consider all factors – "only those called into question by the case at hand and necessary to support the reasonableness of the fee award." *Id.* In determining the hours to be included in the lodestar, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

In this case, Companion seeks $235 per hour for partners Gina Mushmeche and Martin Kravitz, and $200 per hour for associates Jordan Schnitzer, Chasen Cohen, Amy Rose, and Wade Van Sickle. The court concludes these are reasonable hourly rates well within the range of customary hourly charges in this locality.

Companion asserts that after it made the offers of judgment, a total of 1,057.70 hours were spent on this litigation as follows: (1) 508.9 hours at $235 for Gina Mushmeche; (2) 302 hours and $200 for Jordan Schnitzer; (3) 185.4 hours at $235 for Martin Kravitz; (4) 24.6 hours at $200 an hour for Chasen Cohen; (5) 26.6 hours at $200 for Amy Rose; and (6) 10.2 hours at $200 for Wade Van Sickle. Sky High raises objections to some of these hours.[5]

1. Fees related to Faust and CAP: $26,607.50

Sky High argues that fees related to Faust and CAP, including settlement negotiations, should not be charged to Sky High.

---

[5] Sky High argues that Companion failed to comply with Local Rule 54-16. However, the motion contains an affidavit from Gina Mushmeche attesting that the fees were normal and customary for the work performed, and the motion and reply substantially address the various factors set forth in the local rule.

7

1  Companion argues that Sky High joined in many of Faust's motions
2  and ultimately relied on their expert so these fees are properly
3  charged to Sky High.  Neither party identifies the specific line
4  items that are objectionable in this regard.  However, plaintiff
5  does not dispute that $26,607.50 in fees relate only to Faust
6  motions, experts, and settlement negotiations.
7      There was clearly an overlap between Faust and Sky High with
8  respect to the work Companion performed.  However, it was not a
9  complete overlap.  Faust was a major defendant in this case, and
10 the interests of Faust were not identical to the interests of Sky
11 High.  A portion of the fees incurred by Companion were to address
12 the issues related solely to Faust and CAP, including settlement.
13 Accordingly, a twenty-five percent reduction of the fees relating
14 to Faust – $6,651.87 – is appropriate to account for the fact that
15 some of the fees had no bearing on the case against Sky High.
16     2. Fees already denied: $8,520.00
17     Companion previously sought an award of $10,808.00 in
18 attorney's fees for certain work counsel performed in the two weeks
19 leading up to the original May 2015 trial date.  The trial was
20 continued to September 2015 due to a legitimate medical
21 complication experienced by Sky High's primary witness, Rolland
22 Weddell.  The court indicated at the time of continuance that it
23 would in all probability grant reasonable costs related to attorney
24 and witness travel to Reno for the trial initially scheduled.  The
25 court did not authorize the payment of attorney's fees and noted
26 that it was not inclined to grant attorney's fees.
27     Companion then filed a motion for attorney's fees and costs
28 associated with the continuance.  The court granted most of the

8

costs sought, although it denied costs for the attorney's meals and travel expenses related to preparing Jerry Sam for trial. The court also denied Companion's request for attorney's fees.

Sky High asserts that Companion's instant motion seeks these "fees already denied" and that those fees total $8,520. The basis for this number is unclear, as Companion initially sought $10,808 and all but one of the line items comprising this number are also included in the bill submitted to the court.[6] According to the court's calculations, the total fees sought in the instant motion that were also sought in the prior motion for attorney's fees amount to $10,737.50. Neither party has provided a detailed analysis of the fees objected to in this respect.

As before, the court is not persuaded that the attorneys on either side were required to perform additional work of substance because of the continuance. The court's initial denial of these requested fees is substantially reconfirmed. The court does, however, recognize that there may have been some minimal additional time spent by the attorneys serving subpoenas and discussing the trial continuance with its client and witnesses. The court concludes that $2,000.00 is sufficient to compensate plaintiff's attorneys for fees directly related to additional work expended as a result of the continuance.

3. Miscellaneous: $24,933.00

These fees concern communications about which the subject matter was redacted. Sky High argues that Companion cannot show the communications concerned Sky High so those fees should be

---

[6] The only omitted line item is $70.50 charge on May 15, 2015, for "emails with attorney Sluga re: expected date for trial appearance."

9

1  denied.  Companion argues that it had a duty to communicate with
2  its client and all fees were necessarily incurred.
3      Because the subject matter of the communications has been
4  redacted, the court cannot find that these fees were reasonable and
5  justified.  These miscellaneous fees will therefore not be awarded.
6      4. Gena Sluga: $1,453.00
7      Sky High argues that Sluga had very little to do with the case
8  so these fees should be denied.  Companion argues that these fees
9  were for attorneys who consulted with Sluga as a witness, and in
10 fact Sky High called her as a witness in its case in chief.
11     Sluga was a potential and eventual witness in this case.
12 Counsel's time spent conferring with Sluga was therefore reasonable
13 and justified.
14     5. Attorney travel costs for trial
15     Companion's travel costs for trial were included in its bill
16 of costs but not considered by the clerk of court.  The court
17 likewise declines to award these costs as part of the attorney's
18 fee award because travel costs are not attorney's fees, nor are
19 they taxable costs in federal court.  Companion has cited Nev. Rev.
20 Stat. § 18.005, which allows any "reasonable and necessary
21 expenses," to argue that these expenses should be taxed.  However,
22 even assuming that statute could apply to the attorney fee award in
23 this case, the statute pertains to costs, not attorney's fees, and
24 does not establish that travel expenses may be awarded as fees.
25     6. Comparative negligence
26     Sky High argues that Companion's attorney's fees and costs
27 should be reduced by forty percent to reflect Companion's
28 comparative negligence.  The court agrees.  In light of the court's

10

evaluation of the other *Beattie* factors, which do not weigh conclusively in favor of an attorney's fee award, an award of fees is reasonable and justified only to the extent that Companion was not culpable in this matter. The total fee award should therefore be reduced by Companion's share of negligence as found by the jury. Accordingly, the court will reduce both the attorney's fees award and the costs taxed by forty percent. The total fee award of $182,563.63 is thus reduced to $109,538.18. The costs taxed by the clerk of the court are reduced from $57,047.00 to $34,228.20.

**II.  Prejudgment Interest on Costs**

State law generally controls the award of prejudgment interest in a diversity case such as this. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). Nevada's prejudgment interest statute, Nev. Rev. Stat. § 17.130, includes prejudgment interest on costs from the time they were incurred until entry of judgment. *Gibellini v. Klindt*, 885 P.2d 540, 545 (Nev. 1994). The party seeking costs must prove when they were incurred. *Id.*

Companion provides a summary of the costs, when they were incurred, and the interest on those costs at the statutory rate of 5.25% from the date incurred until entry of judgment (Mot. Att. Fees Ex. 7). The $5,981.54 in prejudgment interest this document seeks, however, must be adjusted to omit those costs that were not allowed by the clerk. After making the necessary adjustments, the court concludes that Companion is entitled to prejudgment interest on its costs in the amount of $5,698.58.

**III. Postjudgment Interest**

Federal law controls the award of postjugment interest even in

11

a diversity case. *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). Federal law provides for postjudgment interest on any money judgment in a civil case. 28 U.S.C. § 1961(a). Sky High has not objected to an award of postjudgment interest. Accordingly, the motion for postjudgment interest will therefore be **GRANTED.**

**Conclusion**

In accordance with the foregoing, Companion's motion for attorney's fees, prejudgment interest on costs, and postjudgment interest is **GRANTED** subject to the deductions set forth above. The judgment will be amended to reflect an award of attorney's fees in the amount of $109,538.18, costs in the amount of $34,228.20, prejudgment interest on those costs in the amount of $5,698.58, and postjudgment interest at the legal rate.

IT IS SO ORDERED.

DATED: This 5th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE